UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO SERGIO REYES-
PORTELA,

       Petitioner,

     v.                             Case No.:  2:26-cv-01398-SPC-NPM

WARDEN, FLORIDA SOFT-SIDED
FACILITY,

       Respondent,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Mario Sergio Reyes-Portela's Petition for Writ of Habeas Corpus (Doc. 1)[1] and the government's response (Doc. 14).  For the below reasons, the Court grants the petition.

Reyes-Portela is a native of Cuba who lawfully entered the United States on December 15, 2020, with admission until May 1, 2022.  Border Patrol commenced removal proceedings by issuing a notice to appear and released Reyes-Portela into the country.  An immigration judge ordered him removed to Cuba on May 9, 2025, but he has a pending application for adjustment of status under the Cuban Adjustment Act.  On February 3, 2026, local law enforcement

---

[1] Reyes-Portela's close relative Derlys Portela filed the petition as his "next friend."  The respondent objects to her authority to do so.  The Court is satisfied that Derlys Portela satisfies the requirements for "next friend" standing established in *Whitmore v. Arkansas*, 495 U.S. 149 (1990).

arrested Reyes-Portela for driving under the influence and contacted Immigration and Customs Enforcement ("ICE").  ICE issued a detainer, took custody of Reyes-Portela two days later, and has detained him at Alligator Alcatraz and Krome since then.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Reyes-Portela's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002). Thus, the six-month period began when Reyes-Portela's removal order became final on May 9, 2025.

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Reyes-Portela has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. An immigration judge ordered Reyes-Portela removed to Cuba just over a year ago, ICE was unable to execute the order in the 90-day removal period that followed, and no change in circumstances makes removal to Cuba more likely

now.  The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Reyes-Portela will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*, but ICE may impose reasonable terms of supervision.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Reyes-Portela to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Mario Sergio Reyes-Portela's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Reyes-Portela within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record